IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**THE ESTATE OF RODERICK McDaniel**
**LOUISE ARNOLD ADMINISTRATOR**                                    PLAINTIFF

VS.                                    Case No. _____

**OFFICER CHARLES MCCLINTON IN HIS**
**INDIVIDUAL AND OFFICIAL CAPACITY;**
**SHERIFF MIKE LOE IN HIS INDIVIDUAL**
**AND OFFICIAL CAPACITY AS COLUMBIA**
**COUNTY SHERIFF; and COLUMBIA COUNTY**                            DEFENDANT

## COMPLAINT

**COMES NOW** the Estate of Roderick McDaniel, administrator Louise Arnold by and through their attorney Rickey Hicks for their complaint for wrongful death, violation of 42 USC 1983 and the Fourteenth Amendment against the defendants, states:

## INTRODUCTION

1. This cause of action arises out of the unconstitutional use of deadly force against Roderick McDaniel by Deputy Sheriff Charles McClinton while acting under the color of State Law and as a law enforcement officers of the Clark County Sheriff's Office under the direction and Control the Sheriff's Department of Columbia County. Both Deputy McClinton and The Sheriff's Department of Columbia County were complicit in the Unconstitutional use of Deadly force against Roderick McDaniel. Roderick McDaniel posed no threat of death or serious bodily harm to Officer Charles McClinton neither could officer McClinton reasonably believe that Roderick McDaniel was a serious threat to others.

II

## PARITES

2. Roderick McDaniel was a resident of Columbia County, Magnolia Arkansas and was shot and killed by Charles McClinton.

3.  Charles McClinton was employed by the Columbia County Sheriff's Department at the time of the alleged incident.

4.  Mike Loe is the duly elected Sheriff of the Columbia County Sheriff's Department in Magnolia Arkansas and is responsible for the establishment and enforcement of rules, regulations, procedures, policies and practices, and customs for the Columbia County Sheriff's Department.

5.  Columbia County is a County in Arkansas and is responsible for oversite, of the Sheriff's department, and to make sure that the agency and its employees are abiding by the law and providing training for officers of the sheriff's department, and setting and approving policies, and insuring discipline of arrant officers.

6.  Charles McClinton in using deadly force and Sheriff Mike Loe in not providing proper training and oversite to its officers were both acting under the color of State Law.

### III

### JURISDICTION AND VENUE

7.  This Civil Rights action is brought pursuant to 42 U.S.C. Section 1981, 1983 & 1985 & 1986. Jurisdiction is based upon 28 U.S.C. Section 1331 and 1334 and 1343(a)(1),(3), and (4) Accordingly, this Honorable court has Jurisdiction over all of the claims asserted herein.

8.  Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b) because all defendants reside in the Western District of Arkansas, El Dorado Division and all actions complained of occurred within the confines of the Western District of Arkansas El Dorado Division, specifically Columbia County.

9.  Each and every act of the Defendants were performed under the color of law and pretense of the constitution, statues, ordinances, regulations, customs and usages of the United states of America, the State of Arkansas, under the color of law and by virtue of their official office and authority as law enforcement officers and agents of Columbia County, State of Arkansas.

### IV

### STATEMENT OF FACTS

10. On November 21, 2018 Deputy Sheriff Charles McClinton and other Officers of Columbia County Sheriff's office were on Patrol with an all-points-bulletin for Roderick McDaniel who was wanted in connection for a Murder. They were stopping White SUV's which is what Rodrick McDaniel was reported to be driving.

11. At approximately 12:57 A.M. Deputy McClinton spotted a White GMC and initiated a stop as the vehicle pulled into an apartment complex in Magnolia, Arkansas. Deputy McClinton radioed for back up and parked behind the White SUV and approached the driver's side door. Deputy McClinton did not know the driver was Rodrick McDaniel. Deputy McClinton tapped on the window with his flashlight advising the occupant to rolled down his window. The Occupant did crack his window a little but did not roll the window all the way down. While Deputy McClinton was standing beside the vehicle and writing down information, officer James Skinner arrived to assist. While Deputy McClinton is standing at the driver's window and is writing, McDaniel's vehicle began to slowly reverse and back away from Deputy McClinton. Deputy McClinton can be heard to yell "stop, stop" on his Bodycam, as the vehicle moves away from him. Deputy McClinton then runs to the vehicle, pulls his pistol, points at the driver's side window and fires one round, striking Roderick McDaniel in the chest. All of this is on Deputy McClinton's body cam. Officer Skinner then can be heard to ask "did you shoot?" and Deputy McClinton can be heard very clearly say, "yea, I don't know why I shot him, I really don't."

12. As a result of being shot by Deputy McClinton, Rodrick McDaniel died.

### COUNT ONE INDIVIDUAL LIABILITY OF DEFENDANTS

13. The Defendant Charles McClinton committed the above described actions and or omissions under the color of state law and by virtue of his authority as a law enforcement officer and employee of the Columbia County Sheriff's office, and under the supervision of Mike Loe and substantially deprived Roderick McDaniel of clearly established rights, privileges and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. section 1983 and deprived Plaintiff of the rights guaranteed him by the Fourth and Fourteenth Amendments of the United states Constitution including, but not limited to:

    a. Freedom from unreasonable search and seizure of his person;

    b. Freedom from deprivation of liberty without due process of law;

    c.      Freedom from unjust punishment;

    d.      Freedom from the use of deadly force;

    e.      Denial of equal protection of the law;

    f.      Freedom from racial discrimination; and

    g.      Freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

14.    Defendant McClinton further interfered with Plaintiff's civil rights by committing the above described actions and or omissions under the color of law and by virtue of his authority as a law enforcement officer and employee of Columbia County Sheriff's Department, by attempting to justify the shooting in his interview with the Arkansas State Police by stating he shot because McDaniel was a suspect in a murder investigation and he believed him to be a danger to others, when being led to say so by the interviewer, when at the time of the shooting McClinton stated he really didn't know why he shot the suspect, and didn't know who he was at the time. Defendant substantially deprived Plaintiff of his clearly established rights and privileges and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. section 1981 and 1985 including, shooting Roderick McDaniel and then not being truthful in the investigation as to why he shot Roderick McDaniel, in an effort to justify the shooting. This untruthfulness is willful and wanton and malicious.

15.    Defendant also violated Plaintiff's rights guaranteed to him under Title VI of the Civil Rights Act of 1964 by depriving Plaintiff his rights based upon his race. Defendant denied Plaintiff of his rights and equal protection under the laws because of his race.

## COUNT TWO

## MUNICIPAL LIABILITY AGAINST COLUMBIA COUNTY

16.    Columbia County is under a constitutional duty to properly hire, provide policy guidance, train, supervise and discipline the members of the Columbia County Sheriff Department to ensure that the policing activities of the Clark County Sheriff Department are run in a lawful manner, preserving the rights of all citizens of the County guaranteed to them by the Constitutions of the United States of America and the Laws of the State of Arkansas. Columbia

County has breached their duty by failing to provide policy, guidance, training, and proper supervision and discipline to Charlie McClinton.

17. Columbia County is directly liable to the Plaintiff for damages due to following policies, practices and customs of the County in effect at the time and which were maintained with deliberate indifference to the constitutional rights of citizens and which were the underlying cause of the constitutional rights of citizens being violated and which were the underlying cause of constitutional violations:

a. Failure to properly screen potential law enforcement officers, including defendant McClinton, to determine if he was qualified and fit to serve as law enforcement officer to carry out the duties to all citizens without violation their constitutional rights.

b. Failure to properly and adequately train the officers of Columbia County regarding obvious law enforcement activities including but not limited to 1. Patrolling procedures, 2. Encounters with citizens, 3. Use of force, 4. Proper use of firearms, 5. Arrest and restraints, 6. Summoning medical attention, 7. Properly and correctly filing reports and importance of truthfulness and accuracy, 8. Racial profiling; and 9. Civil rights laws and violation thereof.

c. Failure to properly supervise and discipline officers in the aforementioned duties, 1-8

d. Failure to monitor and evaluate the performance of the officers, including defendant McClinton. In the aforementioned duties 1-8.

e. Failure to adequately respond to and investigate complaints regarding officers misconduct by the citizenry of the officers including Defendant McClinton regarding use of excessive force, patrolling procedures, use of firearms and intermediate force, arresting procedures, providing medical attention, proper completion of reports.

f. Columbia County is aware of the "Code of Silence" which exist among members of its departments whereby officers of Columbia county sheriff's department do not report misconduct of fellow officers and cover-up Improper conduct and has failed to take such steps to preclude its existence in the Columbia County Sheriff's Department. As a result of the "Code of Silence," officers act unconstitutionally without fear of discipline from their superiors.

18. Columbia County knew or should have known that the above-referenced Policies practices and or customs, translated into an underqualified and undertrained police force that was ill-equipped to perform obvious and necessary law enforcement activities without exposing the Public to unwarranted danger of injury. Therefore, the policy makers were on actual or constructive notice of the deficiencies with its policies, practices and customs which make officers misconduct a foreseeable consequence.

19. The County officials should have known that the above-referenced policies, practices, and or customs would likely lead to serious injury or death to person within the jurisdiction and deprivation of Citizens rights guaranteed to them by the Constitution of the United states.

20. By failing to recognize or correct the deficiencies with its policies, practices and customs, the Policy makers consciously disregarded the known and foreseeable consequences thereof.

21. There is a direct and casual link between the policies, practices and customs of the Columbia county Sheriff's Department and the violation of the Plaintiff's state and federal constitutional rights.

22. There is a direct and causal link between the policies, practices and customs of the Columbia County Sheriff's department and the violation of the Plaintiff's state and federal constitutional rights and his injuries and resultant death.

## COUNT THREE

### ARKANSAS CIVIL RIGHTS ACT

23. In addition of violating Plaintiff's federally protected constitutional rights as alleged in counts I and II, the same defendant violated Plaintiff's clearly established rights under guaranteed to him by the Arkansas Constitution in violation of the Arkansas Civil Rights Act, and further incorporate the allegations set forth in Counts I and II.

## COUNT FOUR

### STATE LAW TORTS

24. By virtue of the facts alleged herein, Plaintiff have been the victims of common law assault and battery, as well as felony aggravated assault, and outrageous conduct, as well as a victim of a felony as defined by Ark. Code ann. Section 16-118-07.

## COUNT FIVE

### PUNITIVE DAMAGES

25. The actions set forth herein mainly the unjustified shooting and subsequent cover-up committed by the Defendant McClinton and the County were intentional, malicious, reckless and performed with malice and caused Plaintiff's physical damages and his life, entitling him to substantial award of punitive damages against defendants McClinton and the County of Columbia.

## COUNT SIX
### DAMAGES

26. As a direct and proximate result of the aforementioned actions and omissions of all defendants' Plaintiff's constitutional rights were violated and Plaintiff was damaged. Plaintiff seek recovery from the Defendants, both jointly and severally, of all damages to which he may be entitled for his injuries and damages to the fullest extent as possible under both state and federal law, including but not limited to the following:

a. Physical pain and suffering;
b. Emotional pain and suffering;
c. Medical Bills and Burial expenses;
d. Fright fear, and anxiety;
e. Pre-and post-judgment interest;
f. Punitive damages against applicable defendants;
g. Statutory and discretionary cost;
h. Loss of Life
i. Attorneys' fees; damages to be proven at trial

A declaratory judgment that the acts and conduct herein was unconstitutional.

j.   Injunctive relief precluding the Defendants from engaging in the conduct complained of herein in the future and requiring Columbia county to provide proper policy, training and supervision of its officers and holding them accountable for their misconduct.

k.   All such further relief, both general and specific, to which the Estate of Rodrick McDaniel may be entitled under the premises.

## PRAYER FOR RELIEF

27.   Wherefore Premises Considered, Plaintiff sues the Defendants, both Jointly and severally, and for the injuries sustained by the Plaintiff and pray for judgment against the Defendants for Compensatory damages in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

28.   **Plaintiff request a Trial by Jury.**

**WHEREFORE,** Plaintiff, prays for relief sought herein; trial by jury; for reasonable attorneys' fees; for costs; and, for all other proper relief.

Humbly Submitted,

*Rickey Hicks*

Rickey Hicks, Esq. ABRN  89235
902 West Second St.
Little Rock, Ar. 72201
hickslawoffice@yahoo.com
Phone: 501/920-7298